UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14264-CV-MARTINEZ
(CASE NO. 10-14069-CR-MARTINEZ)
MAGISTRATE JUDGE REID

JEFF JUNIOR HOLLAND,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

Movant, **Jeff Junior Holland,** filed this successive Motion to Vacate pursuant to 28 U.S.C. § 2255, after the Eleventh Circuit Court of Appeals granted him leave to do so in order to challenge the constitutionality of his convictions and sentences in light of the United States Supreme Court decision in *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319, 2324-25, 2336 (2019). [CV ECF Nos. 1, 7]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); Fla. Admin. Order 2019-2; and, Rules 8 and 10 Governing Section 2255 Cases in the District Courts. [ECF No. 2]. For the reasons discussed below, the Motion to Vacate should be STAYED.

### II. Discussion

Movant raises a sole ground for relief that his 18 U.S.C. §§ 924(c) and (o) convictions, as charged in Counts 5 and 6 of the Indictment, must be vacated because they were predicated on Hobbs Act robbery conspiracy, which no longer qualifies as a "crime of violence" after *Davis*.

- 1 -

[CV ECF No. 7 at 9-10]. Movant does not dispute that his substantive attempted Hobbs Act robbery offense (Count 2) and the drug trafficking crimes (Counts 3 and 4) remain qualifying predicate offenses after *Davis*. [*Id.* at 8]. Rather, Movant argues that because the jury returned a general verdict, not specifying which predicate offenses it relied upon to support the convictions, "it *may* have relied on the invalid crime of violence predicate to the exclusion of or in addition to the valid drug trafficking predicate." [*Id.* at 10] (emphasis added). Movant relies on *In re Gomez*, 830 F.3d 1225, 1227 (11th Cir. 2016) and a Fifth Circuit Court of Appeals decision in *United States v. Jones,* 935 F.3d 266 (5th Cir. 2019), claiming that Movant's substantial rights were affected because there was a structural constitutional error. [*Id.* at 9-14].

Respondent argues that Movant's Motion should be denied because he cannot meet his burden to show that his conviction relied solely upon § 924(c)(3)(B). *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017); *see also In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019).

There has been limited guidance on this issue until recently, when the Eleventh Circuit held that *Beeman* and *Cannon* articulate the proper burden of proof for a *Davis* claimant under 28 U.S.C. § 2255. *See Garcia v. United States*, No. 19-14374, ___ F.3d ___, 2021 WL 68305, 2021 U.S. App. LEXIS 435 (11th Cir. Jan. 8, 2021), *vacated*, ___ F.3d ___, 2021 WL 248231, 2021 U.S. App. LEXIS 2090 (11th Cir. Jan. 26, 2021). However, as the above citation makes clear, before the Undersigned was able to complete a report and recommendation considering the holding in *Garcia*, the panel vacated its decision and has now held the matter in abeyance pending a decision in two other related cases, *Granda v. United States*, No. 17-15194, and *Foster v. United States*, No. 19-14771. *See id.*

Accordingly, this case should also be held in abeyance until such a determination is made. The Court has the inherent power to stay the proceedings in one suit until a decision is rendered in

another. *See Landis v. N. Am. Co.*, 299 U.S. 248 (1936); *see also Gov't. of V.I. v. Neadle*, 861 F. Supp. 1054 (M.D. Fla. 1994). "The power to stay dual proceedings is necessary to avoid the inefficiency of duplication, the embarrassment of conflicting rulings, and the confusion of piecemeal resolutions where comprehensive results are required." *Neadle*, 861 F. Supp. at 1055 (citing *West Gulf Maritime Ass'n. v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir.1985)).

Thus, it is **RECOMMENDED** that this case be **STAYED** and held in abeyance until such time that the Eleventh Circuit resolves the issue of a *Davis* claimant's burden of proof in a matter brought pursuant to 28 U.S.C. § 2255, as discussed above. Upon such a resolution, the parties shall notify the Court and seek to reopen this case, so that the Motion may be adjudicated.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 1st day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **All Counsel of Record via CM/ECF**; and

    **Jeff Junior Holland**
    94415-004
    Coleman Medium
    Federal Correctional Institution
    Inmate Mail/Parcels
    Post Office Box 1032
    Coleman, FL 33521